NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10369 |
| Plaintiff-Appellee, | D.C. No. 5:20-cr-00432-EJD-1 |
| v. | |
| OLE HOUGEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted March 28, 2023
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and KORMAN,[**] District Judge.
Dissent by Judge IKUTA.

Hougen appeals his 2021 conviction on one count of attempt to commit racially motivated violence, in violation of 18 U.S.C. § 249(a)(1). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1. Hougen contends that his conviction should be overturned because the admission into evidence of certain statements that he made to Santa Cruz police officers, and testimony and argument referring to the same, violated his Fifth Amendment right to silence. In these statements, Hougen made several racist and belligerent comments before he said he did not want to talk to the officers and asked for a lawyer.

We disagree that reversal is required. "[R]egardless whether the *Miranda* warnings [are] actually given, comment on the defendant's exercise of his right to remain silent [is] unconstitutional." *United States v. Bushyhead*, 270 F.3d 905, 912 (9th Cir. 2001) (citing *United States v. Whitehead*, 200 F.3d 634, 638 (9th Cir. 2000) (alterations in original)). Any such error "requires reversal unless the prosecution demonstrates, beyond a reasonable doubt, that the error was harmless." *United States v. Caruto*, 532 F.3d 822, 827 (9th Cir. 2008) (citation omitted). However, "when the defense does not object to the prosecutor's conduct during trial, we review for plain error," even where, as here, the defendant raised the challenge post-trial. *United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir. 1996), *as amended on denial of reh'g* (Oct. 3, 1996).

---

[1] We set forth the factual background of Hougen's appeal in the opinion filed contemporaneously with this memorandum disposition and do not repeat it here.

2

Hougen did not object, before or during trial, to the admission of his statements, nor to testimony or argument referring to the same (apart from one piece of testimony discussed separately below). Reviewing these unpreserved challenges for plain error, *see id.*, we decline to reverse Hougen's conviction. Hougen must show that the error affected his substantial rights—in other words, that it "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). Hougen has not done so. "When deciding whether a prosecutor's reference to a defendant's post-arrest silence was prejudicial, we consider the extent of comments made by the witness, whether an inference of guilt from silence was stressed to the jury, and the extent of other evidence suggesting defendant's guilt." *United States v. Lopez*, 500 F.3d 840, 845 (9th Cir. 2007) (citation omitted). The prosecution did not ask the jury to infer Hougen's guilt from any invocation of his right to silence or failure to make a statement to police. Instead, the prosecution stressed Hougen's hostile and racist language to police, as well as evidence of Hougen's racist and aggressive demeanor on the day in question. The prejudice from any implied reference to Hougen's silence was minimal.

Likewise, Hougen's sole preserved challenge—to testimony from a law enforcement officer referring to Hougen's failure to give a statement as a reason that the officer concluded that Hougen was the aggressor—does not entitle Hougen to relief because it was harmless beyond a reasonable doubt. The trial court

immediately gave a curative instruction reminding the jury about Hougen's right to silence, the prosecution did not rely on this stray comment in closing, and the other evidence of Hougen's guilt was overwhelming. *See Lopez*, 500 F.3d at 845. Reversal is not warranted.

2. Hougen next contends that the district court erroneously admitted evidence and testimony regarding three prior incidents in which Hougen assaulted Black men while using racist language. Reviewing for abuse of discretion, *United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010), we affirm.

Rule 404(b) prohibits the introduction of evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith," but permits such evidence to be introduced for other purposes, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Even if the evidence is admissible under Rule 404(b), it "may still be excluded" under Federal Rule of Evidence 403 if "its probative value is substantially outweighed by the danger of unfair prejudice." *Flores-Blanco*, 623 F.3d at 919 (citation omitted).

Here, the other acts evidence was offered and admitted for the purpose of showing that Hougen's motive in assaulting the victim in this case ("S.B.") was because S.B. is Black. Hougen's motive was relevant to Hougen's prosecution under 18 U.S.C. § 249(a)(1). The district court did not abuse its "wide discretion"

4

in concluding that this evidence made it more likely than Hougen was motivated to commit violence against Black men, and did so against S.B., because of race. *Id.*; *c.f. United States v. Curtin*, 489 F.3d 935, 951 n.5 (9th Cir. 2007) (en banc). It likewise did not abuse its discretion in refusing to exclude the evidence under Rule 403. Any prejudice to Hougen was inherent in the prior incidents' relevance to Hougen's motive and not unfair under Rule 403. That is not the kind of unfair prejudice requiring exclusion under Rule 403. *See United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003).

3.    Hougen next asserts that the district court abused its discretion in precluding evidence that S.B. assaulted another person and misled the police about it nine months after the incident with Hougen.

Hougen argues that the evidence of S.B.'s assault on a third party is admissible because it corroborates Hougen's self-defense theory that S.B. was the initial aggressor. We disagree. Evidence of a victim's violent acts is admissible to support a self-defense theory only if it tends to show the defendant's "state of mind—specifically, to show that [the defendant] had good reason to fear [the victim]." *United States v. Garcia*, 729 F.3d 1171, 1178 (9th Cir. 2013). Where, as here, the defendant did not know of the violent acts by the victim, which post-dated the crime, then the violent acts "could not have affected the defendant's state of mind" and therefore are not relevant. *Id*. at 1178–79 (citing *United States v. Keiser*,

5

57 F.3d 847, 853 (9th Cir. 1995)).

Hougen also contends that this evidence demonstrates bias on Hougen's part and investigative failure. However, the second incident took place in very different circumstances and well after the one with Hougen. If S.B. improperly assaulted a different person in this other incident, that had minimal relevance to what happened six months before that between S.B. and Hougen. It was not an abuse of discretion for the district court to conclude that the risk that this evidence would confuse the real issues at trial substantially outweighed its limited relevance under Rule 403. *See United States v. Espinoza-Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011).

4. Finally, Hougen argues that reversal is warranted because of cumulative error. "In some cases, although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant." *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir.1996). We conclude such prejudice is absent here. The evidence of Hougen's guilt was heavy and not undermined by any isolated errors that may have occurred in his trial.

**AFFIRMED.**

*United States v. Hougen*; No. 21-10369
IKUTA, Circuit Judge, dissenting:

I dissent for the reasons set forth in my dissent to the published opinion filed

concurrently with this memorandum disposition. *See United States v. Hougen*, No.

21-10369, – F.4th – (9th Cir. 2023).